IN THE CIRCUIT COURT OF MARYLAND FOR CHARLES COUNTY
200 Charles Street, La Plata, Maryland 20646

Ronald L. Richardson,
5005 Celestial Lane
Brandywine, Maryland 20613-4169

 Plaintiff

 Vs

Experian Information Solution, Inc,
Victor K. Nichols, Chief Executive Officer,
475 Anton Boulevard
Costa Mesa, California, 92626

SERVE: Resident Agent,
   The Corporation Trust
   Incorporated
   351 West Camden Street
   Baltimore, Maryland 21201

 Defendant(s)

Case No: C12-138

## COMPLAINT
(Fair Credit Reporting Act)
(Not Subject to Mandatory Arbitration)
Jury Trial Requested

**STATEMENT OF FACTS:**

Plaintiff, Ronald L. Richardson, pro se, sues Experian Information Solution, Inc (Defendant) for multiple violations of the Fair Credit Reporting Act and alleges:

1. Plaintiff, Ronald L. Richardson ("Plaintiff") is a consumer as defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. S1681a(c).

2. Defendant, Experian Information Solutions, Inc, is a consumer reporting agency (CRA) as defined by Fair Credit Reporting Act 15 U.S.C. S1681a(f).

3. Defendant, Experian Information Solutions, Inc. Is a global corporation with its North American Headquarters located at 475 Anton Boulevard, Costa Mesa, California 92626.

4. Defendant's Chief Executive Officer of Exeperian Information Solutions, Inc. (CRA), is identified as **Victor K. Nichols.**

5. Plaintiff, Ronald L. Richardson, is a resident of Charles County, Maryland and currently resides at 5005 Celestial Lane, Brandywine, Maryland 20613-4169.

6. Plaintiff files this Complaint in the Circuit Court of Maryland For Charles County under section S 618. Jurisdiction of courts; limitation of actions (15 U.S.C. S 1681p) of the Fair Credit Reporting Act stating an action to enforce any liability created under this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises.

7. Defendant is a consumer reporting agency (CRA) that compiles and maintains files on consumers within the United States on a nationwide basis as that term is defined in Section 603(p), 15 U.S.C. S 1681a(p), of the Fair Credit Reporting Act (FCRA).

8. Defendant, Exeperian Information Solutions, Inc (CRA) reported and disseminated inaccurate credit information to third parties regarding Plaintiff's credit history, specifically regarding a Public Records entry listing a civil judgment in the amount of $5,085.00 filed in Prince George's County District Court on 07/08/2011, Court Case Number: **050200323632010**, against Plaintiff.

## COUNT 1 - LOSS OF OPPORTUNITY

9. As a result of Defendant(s) conduct, actions, and inactions, during the month of September 2011, the Plaintiff, who is a retired United States Capitol Police Sergeant, was denied the opportunity to apply for gainful employment as a Courthouse Security Officer with Inter-Con Security Company, who provides Court house Security for the United States District Court and the District of Columbia Superior Court Systems in Washington, D.C. Specifically, based on the Defendant(s) reporting inaccurate public records information on Plaintiff's credit report regarding a civil judgment being filed, the Plaintiff was automatically disqualified to apply for employment as a courthouse security officer, thereby resulting in a loss of opportunity of approximately $60,000.00 in annual salary.

10. On September 6, 2011, as a result of the Defendant(s) conduct, actions, and inaction, the Plaintiff, who in fact had a good credit history, was unable to secure credit at favorable rates and was denied credit by PNC Bank for a PNC Bank Credit Card offering an introductory 2.99% interest rate on balance transfers for 24 months and no annual fees, based on inaccurate public records information being reported on Plaintiff's credit files by the Defendant(s).

11. On September 13, 2011, as a result of the Defendant(s) conduct, actions, and inaction, the Plaintiff, who in fact had a good credit history, was unable to secure credit at favorable rates and was denied credit by Bank of America for a Bank of America American Express Credit Card offering a 0% introductory interest rate available for purchases for 12 months, a 0% introductory interest rate for balance transfers and no annual fees, based on inaccurate public records information being reported on Plaintiff's credit file by the Defendant(s).

12. As a result of Defendant(s) conduct, actions and inactions, the Plaintiff was unable to secure favorable credit privileges. As a result, Plaintiff incurred interest and finance charges relating to credit far in excess of what Plaintiff would have otherwise incurred had Plaintiff been able to secure credit at favorable rates.

13. As a result of the Defendant(s) conduct, actions and inaction, the Plaintiff suffered actual damages in the form of additional interest, expense and finance charges as well as extreme mental anguish and emotional distress, humiliation, and damage to Plaintiff's reputation for credit worthiness.

14. The Defendant(s) conduct, actions and inactions were willful, rendering the Defendant(s) liable for punitive damages in the amount to be determined by the Court pursuant to 15 U.S.C. S 1681n.

THEREFORE, Plaintiff request judgment against Defendant(s) for compensatory damages plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

Plaintiff request a jury trial.

## COUNT 2 - DEFAMATION

15. Plaintiff re-allege the allegations set forth in Paragraphs 1 through 14 here-in-above.

16. Between July, 2011 and October 2011, Defendant(s) published and disseminated credit reports containing inaccurate public records information, specifically regarding a public records entry listing a civil judgment in the amount of $5,085.00 against the Plaintiff.

17. The Defendant(s) published this information in writing to numerous creditors as follows.

18. On July 16, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Wells Fargo Bank located at P.O. Box 14517, Des Moines, Iowa 50306.

19. On July 17, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Capital One located at P.O. Box 30281, Salt Lake City, Utah 84130.

20. On July 21, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Chase Bank located at P.O. Box 15298, Wilmington, Delaware 19850, telephone number: (800) 955-9900.

21. On July 29, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to American Express Company located at P.O. Box 981537, El Paso, Texas 79998, telephone number: (800) 874-2717.

22. On August 10, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Citi Bank located at 1 Court Square, FL 26, Long Island City, New York 11101.

23. On August 16, 2011, Defendant(S) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to BarClays Bank Delaware located at 100 South West Avenue, Wilmington, Delaware 19801.

24. On August 17, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Credit One Bank located at P.O. Box 98873, Las Vegas, Nevada 89193, telephone number: (877) 825-3242.

25. On August 19, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to American Express 2 located at P.O. Box 981537, El Paso, Texas 79998, telephone number: (800) 874-2717.

26. On September 2, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Chase Credit Card Services located at P.O. Box 15298, Wilmington, Delaware 19850.

27. On September 2, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to PNC Bank located at 4653 East Main Street, P.O. Box 657, Columbus, Ohio 43251.

28. On September 6, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Wells Fargo Mortgage, Inc located at 1 Home Campus, Des Moines, Iowa 50328.

29. On September 6, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Bank of America located at P.O. Box 17054, Wilmington, Delaware 19850-7054, telephone number: (800) 421-2110.

30. On September 17, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to FIA Card Services, N.A., located at P.O. Box 17054, Wilmington, Delaware 19850-7054.

31. On September 17, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to TrueLink located at 100 Cross Street, Suite 202, San Luis Obispo, California 93401.

32. On September 18, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to TransUnion Interactive located at 100 Cross Street, Suite 202, San Luis Obispo, California 93401.

33. On September 20, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to CIC/Experian Identity CH located at 18500 Von Karman Avenue, Suite 400, Irvine, California 92612.

34. On September 20, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Consumer Info.Com located at P.O. Box 19729, Irvine California 92623.

35. The written publications by the Defendant(s) constitute libel per se.

36. As a direct and proximate result of the Defendant(s) defamation, the Plaintiff has suffered extreme mental anguish, a loss of reputation, and a loss of ability to obtain credit.

37. The Defendant(s) acts were malicious, willful, wanton and to the total disregard of Plaintiff's just rights.

THEREFORE Plaintiff request judgment against Defendant(s) for compensatory damages plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

Plaintiff request a jury trial.

## COUNT 3 - NEGLIGENCE

38. Plaintiff re-allege the allegations set forth in Paragraph 1 through 37 here-in above.

39. Civil liability for negligent noncompliance (15 U.S.C. S1681o)

    (a) In general, Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

        (1) any actual damages sustained by the consumer as a result of the failure;

        (2) In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

    (b)    Attorney's fees. On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

40. The Defendant(s) had a duty of reasonable care not to injure the Plaintiff, privacy, general reputation, or credit reputation.

41. Between July, 2011 and October, 2011, the Defendant(s) have negligently violated their duty of reasonable care to Plaintiff by continuing to report inaccurate public records information on Plaintiff's credit report regarding a civil judgment in the amount of $5,085.00 being filed against the Plaintiff.

42. As a direct and proximate result of the Defendant(s) negligence, the Plaintiff has suffered extreme mental anguish, a loss of reputation, and a loss of ability to obtain credit.

THEREFORE, Plaintiff has suffered economic and psychological damages as a result of the negligence of Defendant(s) and is entitled to reimbursement and compensation for his injuries.

WHEREFORE, Plaintiff request judgment against Defendant(s) for economic and psychological damages as well as compensatory damages plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

Plaintiff request a jury trial.

43. Plaintiff has repeatedly disputed the accuracy of the information with Defendant, to no avail. Plaintiff sent Defendant dispute letters on two (2) separate occasions requesting that the inaccurate information be removed.

44. The first dispute letter dated August 29, 2011, was sent by Certified U.S. Mail/Return Receipt (7009 1680 0001 2970 4084) requesting the Defendant to investigate Plaintiff's dispute. The dispute letter contained detailed information which clearly identified the correct individual that the negative public records information belonged to, which was the Plaintiff's son, Ronald Lee Richardson.

45. Plaintiff received the signed U.S. Postal Service green card from the Defendant on September 1, 2011.

46. On September 16, 2011, Plaintiff received a reply letter from the Defendant CRA stating that their reinvestigation was completed and that the disputed negative public records information had been verified as belonging to the Plaintiff.

47. On October 15, 2011, Plaintiff send the second dispute letter by first-class U.S. mail, again requesting the Defendant to reinvestigate the dispute because the results of their re-

investigation was incorrect and unreasonable.

48. Plaintiff never received any return correspondence from the Defendant regarding the second dispute letter.

## FIRST CLAIM FOR RELIEF

### (Negligent Noncompliance with the Fair Credit Reporting Act)

49. Plaintiff re-alleges and incorporates paragraphs 1-48.

50. Defendant Credit Reporting Agency negligently failed to comply with the requirements of Fair Credit Reporting Act, including but not limited to:

   (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 USC S 1681e(b).
   (b) failing to comply with the requirements in 15 USC S1681i; and
   (©) failing to comply with the requirements in 15 USC S1681g.

51. As a result of Defendant's failure to comply with the requirements of the Fair Credit Reporting Act, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, degraded social standing, and emotional distress for which Plaintiff seeks damages in an amount to be determined by the jury.

52. Plaintiff requests statutory damages as included in the Fair Credit Reporting Act.

53. Plaintiff requests court costs pursuant to 15 USC S 1681o(a)(1)(2).

## SECOND CLAIM FOR RELIEF

### (Willful Noncompliance with the Fair Credit Report Act)

54. Plaintiff re-alleges and incorporates paragraphs 1-48.

55. Defendant Credit Report Agency willfully failed to comply with the requirements of the Fair Credit Reporting Act, including but not limited to:

   (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 USC S1681e(b).
   (b) failing to comply with the requirements in 15 USC S1681i; and
   (c) failing to comply with the requirements in 15 USC S1681g.

56. As a result of Defendant's failure to comply with the requirements of the Fair Credit Reporting Act, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damages to reputation, degraded social standing, invasion of privacy and emotional distress for which plaintiff seeks damages in an amount to be determined by the jury.

57. Plaintiff request statutory damages as included in the Fair Credit Reporting Act.

58. Plaintiff request court cost pursuant to 15 USC S1681n(a)(3).

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

**On the First Claim for Relief:**

1. Actual damages to be determined by the jury in an amount not to exceed $35,000.00; and
2. Statutory damages as included by the Fair Credit Reporting Act; and
3. Court costs; and
4. Injunctive relief as the Court see fit.

**On the Second Claim for Relief:**

1. Actual damages to be determined by the jury in an amount not to exceed $35,000.00 ; and
2. Punitive damages to be determined by the jury;
3. Statutory damages as included in the Fair Credit Reporting Act; and
4. Injunctive relief as the Court sees fit.

DATED this 17th day of January, 2012.

Respectfully Submitted,

*Ronald L. Richardson*

Ronald L. Richardson, Pro Se
5005 Celestial Lane
Brandywine, Maryland 20613-4169
Telephone: (301) 579-2650

TRUE COPY

*Sharon L. Hancock*

TEST: SHARON L. HANCOCK, CLERK